# Rountree *v.* Wood.

*Action for Damages against Probate Judge for Failing to Collect Commissions due Tax Commissioner.*

[Decided February 13, 1902.]

1. *Fees or commissions due tax commissioner; duty of probate judge to collect; Acts,* 1896-97, *p.* 521; *Acts,* 1898-99, *p.* 195; *Code, section* 4125.—Under the provisions of the acts of February 3d, 1897, and February 21st, 1899, by which the tax commissioner is entitled, "for each case so brought before the probate judge, to be paid by the delinquent, in addition to the license, ten per cent. on the amount of the license so collected from each delinquent," the probate judge is not required to withhold a license merely for non-payment of commissioner's fees, or to otherwise enforce the collection of such fees; it being his duty, under section 4125 of the Code, to issue business licenses on payment of "the amount required for such license," together with his own fee of fifty cents.

APPEAL from Dallas Circuit Court.

Tried before Hon. JOHN MOORE.

The action was instituted by W. J. Rountree against P. G. Wood. Rountree was tax commissioner for Dallas county, and Wood was probate judge. The complaint alleged that certain license-tax payers for said county having failed to pay for and take out licenses for the year 1899 by the 15th day of January of that year, the plaintiff, as tax commissioner, reported the facts to the defendant as probate judge, who thereupon cited said license payers to appear before him and take out license; that the probate judge collected the license tax from the parties, but failed to collect from them any part of the ten per cent on the amount of the license tax which the plaintiff claimed he was entitled to for reporting said delinquents; that it was the duty of the probate judge

to collect said compensation, and that his failure to do so damaged the plaintiff in the sum of $300.

Demurrers to the complaint upon the ground that the law did not impose upon the probate judge the duty to collect the compensation due to the tax commissioner, and that the payment thereof to the probate judge by the license-tax payers was not a condition precedent to the issuance of said license, were sustained, and plaintiff declining to plead further judgment was rendered for the defendant. The ruling upon these demurrers is assigned as error.

SAM WILL JOHN, for appellant.

MALLORY & MALLORY, for appellee.

SHARPE, J.—For services in aiding to collect delinquent license taxes the tax commissioner "is entitled for each case so brought before the probate judge, to be paid by the delinquent, in addition to the license, ten per cent. on the amount of the license so collected from each delinquent." See act of February 3d, 1897, (Acts 1896-7, p. 521) and amendatory act of February 21, 1899 (Acts 1898-9, p. 105). Neither in the foregoing nor by any other provision of the statute is the commissioner's fee made to enter into or become a part of the license tax, for being "in addition to" it must be separate from the license tax fixed by law. By section 4125 of the Code the probate judge is required to issue business licenses on payment to him of "the amount required for such license" together with his own fee of fifty cents. Though the statutes may be considered lame in not so protecting the commissioner, they cannot be considered as imposing upon the probate judge the duty of withholding a license merely for non-payment of commissioners' fees, or of otherwise enforcing collection of such fees.

Judgment affirmed.